proceeded to deliver the opinion of the Court: (23) The act of Assembly does not prescribe the form of the condition of the bond, but the obvious design of it was to provide for the payment of the sum stayed and all costs upon the dissolution of the injunction. Any condition, therefore, which by a reasonable construction stipulates for that object ought to be supported. That the complainant should dissolve his own injunction is what we may safely conclude was never meant. It is manifestly a clerical error, and inserted instead of the words "if J. G. Gully and Watson shall dissolve the injunction," etc. In that sense it ought to be construed to fulfill the intent of the parties according to the case of Bache v. Proctor. But if those words be rejected as insensible and impossible the condition still provides for the payment of the amount of the judgment. When complainant has had the full benefit of this bond, by the advantage of a trial on the equity of his claim, it would be highly unjust that he should be allowed to defeat it by a critical objection, and in such (24) a case I should yield to express authorities with reluctance.
The decree below is affirmed.